**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60883
Summary Calendar

CARL LEE STOKES,

Plaintiff-Appellant,

VERSUS

GEORGE WARD, Assistant District Attorney; STATE OF MISSISSIPPI;
ADAMS COUNTY DISTRICT ATTORNEY OFFICE; LISA D. JORDAN, Attorney
at Law; FOREST AL JOHNSON, Circuit Court Judge; RONNIE HARPER,
District Attorney

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

(5:96-CV1488BrS)

November 21, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Carl Lee Stokes, proceeding pro se and in forma pauperis

(IFP), filed a 42 U.S.C. § 1983 complaint against the State of

Mississippi; the Adams County District Attorneys' Office, Circuit

Court Judge Forrest Johnson, District Attorney Ronnie Harper,

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Assistant District Attorney George Ward, and defense attorney Lisa D. Jordan alleging that the defendants conspired to deprive him of his constitutional rights and a fair trial. The district court sua sponte dismissed Stokes' complaint as frivolous. 28 U.S.C. § 1915(e)(2). Stokes appeals. The district court granted Stokes permission to proceed IFP on appeal.

## I.

An IFP complaint may be dismissed as frivolous under § 1915(e)(2)(B)(I) if it has no arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993). We review §1915(e)(2) dismissals for abuse of discretion. Id. We begin by assessing the defendants' claims of immunity.

## A.

Judicial officers are entitled to absolute immunity from damages in § 1983 actions arising out of acts performed in the exercise of their judicial functions. Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). This immunity is not affected by the alleged magnitude of the judge's errors or the mendacity of his acts. Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the absence of jurisdiction. Id. Loose charges of conspiracy unsupported by specific factual allegations are insufficient to state a § 1983 violation. See

<u>Mills v. Criminal District Court #3</u>, 837 F.2d 677, 679 (5th Cir. 1988).

Conduct is judicial in nature if it is "normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." <u>Boyd</u>, 31 F.3d at 285 (quotations omitted). Conversing with counsel regarding the docket and controlling the court's docket are judicial functions. Because the conduct of which Stokes complains was judicial in nature, Stokes' claims against Judge Johnson are barred by the absolute immunity of the judge.

## B.

"Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case." <u>Boyd</u>, 31 F.3d at 285. This immunity extends to acts undertaken in the course of the prosecutor's role as an advocate for the State. <u>Id.</u>

Stokes complains of Ward's conduct during closing argument, which is an integral part of carrying the State's case through the judicial process. Even if we accept as true Stokes' allegation that Ward made a racially discriminatory remark in closing, Ward's conduct is protected by the doctrine of absolute immunity. <u>Esteves v. Brock</u>, 106 F.3d 674, 677 (5th Cir. 1997).

Stokes' speculative allegations that Ward and Harper conspired with the other defendants to convict him are

insufficient to establish § 1983 liability.  <u>Mills</u>, 837 F.2d at 679.  Further, Stokes has not alleged personal conduct by Harper, which is an essential element of a § 1983 cause of action.  <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983).

## C.

The Supreme Court has consistently held that the Eleventh Amendment confers absolute immunity on an unconsenting state or its "arms" from suits brought in federal court by the state's own citizens.  <u>Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993).  "This jurisdictional bar applies regardless of the nature of the relief sought."  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984).  Section 1983 does not include a waiver of the states' sovereign immunity.  <u>Quern v. Jordan</u>, 440 U.S. 332, 338-40 (1979).  The State of Mississippi is absolutely immune from suit under the Eleventh Amendment.  <u>See</u> <u>Bogard v. Cook</u>, 586 F.2d 399, 410 (5th Cir. 1978).  Stokes' claims against the State are frivolous.

Stokes also contends that the Adams County D.A.'s Office is liable for Ward's actions in the prosecution of Stokes.  The doctrine of respondeat superior does not apply in § 1983 actions.  <u>Williams v. Luna</u>, 909 F.2d 121, 123 (5th Cir. 1990).  Ward's actions alone cannot make the D.A.'s Office liable.  The D.A.'s Office can be liable for establishing an unconstitutional policy,

however. Krueger, 66 F.3d at 77. Stokes has not previously asserted, nor does he assert on appeal, that the D.A.'s Office implemented any unconstitutional policy. Stokes' claim against the D.A.'s Office has no basis in law.

D.

Stokes concedes that his attorney, Jordan, is not a state actor, but Stokes contends that she is liable under § 1983 because she conspired with Judge Johnson and prosecutors Ward and Harper to plot against Stokes and to convict him in a sham trial. A state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the prisoner can demonstrate that the conviction or sentence previously has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1984). A § 1983 claim that falls under the rule in Heck is frivolous. Boyd, 31 F.3d at 283.

Stokes' allegations against Jordan that she conspired with the other defendants to convict him in a sham trial necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 487. Because Stokes has not demonstrated the invalidity of the conviction, his claim is not cognizable under § 1983 and is frivolous. See Boyd, 31 F.3d at 283.[2]

---

[2] To the extent that Stokes alleges that he should not be confined because of his attorney's ineffective assistance, that portion of his complaint must be pursued through a petition for the writ of habeas corpus. See Preiser v. Rodriquez, 411 U.S.

II.

The district court did not abuse its discretion in dismissing Stokes' § 1983 complaint as frivolous.  Stokes' appeal is without arguable merit and is frivolous.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  Stokes' appeal is DISMISSED.  5th Cir. R. 42.2.

---

475, 500 (1973).